UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

JASON SAWYERS,

                        Plaintiff,           VERIFIED
                                                COMPLAINT
    -against-                          AND DEMAND FOR
                                                <u>A JURY TRIAL</u>

THE CITY OF NEW YORK,
AND N.Y.C. POLICE OFFICER
"JOHN DOES 1" & "JOHN DOE 2",
EACH SUED INDIVIDUALLY AND
IN THEIR OFFICIAL CAPACITY,

                        Defendants.

-------------------------------------------------------X

      1.    This is an action for compensatory and punitive damages for violation of Plaintiff's civil rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States by reason of the unlawful acts of defendants.

JURISDICTION

      2.    This action is brought pursuant to 42 U.S.C. § 1983.  Jurisdiction is founded upon 28 U.S.C. § 1343. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

PARTIES

      3.    Plaintiff Jason Sawyers is a resident of New York City, Kings County, State of New York.

      4.    At all times hereinafter mentioned, the Defendant New York City Police officers were employees of the defendants and was acting within the scope and authority of their employment. They are sued individually and in their official capacities as New York City Police Officers.

      5.    At all times, the defendant New York City owned and maintained the New York City Police Department ("NYPD") and employed the individual defendants sued herein.

6. That upon information and belief NYPD was responsible for the training of its officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the police department.

8. That at all times mentioned herein the defendant, City of New York knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officers involved in the violation of civil rights and intentional infliction of emotional distress of the plaintiff.

## FACTS (2 SEPARATE INCIDENTS)

### First Incident

9. On or about October 9, 2017, at approximately 10:30 A.M., Plaintiff, upon walking out of his residence, at 324 Avenue S, in Brooklyn, New York, was unjustifiably arrested by the Defendant police officers.

10. Plaintiff had committed no crime, nor was there any other legitimate basis for his detention.

11. Plaintiff was merely getting into his vehicle on his way to have a meal with his family. At the time of this arrest he was in the process of putting his 20-month-old son's car seat in the back of his car.

12. The defendant police officer ("John Doe 1") accused plaintiff of possessing a stolen car and proceeded to arrest him (Arrest # K17666436).

13. Plaintiff was handcuffed and taken to the $67^{st}$ precinct where he was questioned about whether he used the nickname "Reckless", and he was shown a photo of a man with a gun, and he was asked if he knew that man.

14. Plaintiff responded that he did not know who the person was, nor did he go by the nickname "Reckless".

15. At some point plaintiff was taken to Central Booking.

16. After approximately 34 hours in custody plaintiff was released from Central Booking without seeing a judge and without being formally charged by the District Attorney's office with any offense.

17. As a result of this false arrest, and violation of his civil rights, Plaintiff suffered various psychological injuries.

Second Incident

18. Upon his release from police custody at about 8:30 P.M. on October 10, 2017, plaintiff no longer possessed his New Jersey driver's license, which had been taken from him at the 67th Precinct, and not returned.

19. At about 11:00 P.M. on October 10, 2017, plaintiff was driving his car to his father's house when he was pulled over by another New York City Police Officer (John Doe 2) in the vicinity of Flatbush Avenue and Broadway Junction.

20. Plaintiff was asked for his license and registration, and he tried to explain to the officer that his driver's license was in the possession of the N.Y.P.D., who had arrested him the day before.

21. The defendant officer refused to do any reasonable inquiry as to the plaintiff's explanation and proceeded to give plaintiff a summons for Unlicensed Operation (Summons # ABA5325040).

22. On January 4, 2019, this summons was dismissed.

"Deliberate Indifference" Allegations

23. Defendant City has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the Plaintiff, in its procedures for training and supervising police officers, including but not limited to the fact that the defendants knew or should have known of the individual Defendant's tendencies to violate plaintiff's civil rights in committing unlawful seizures and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise

of such tendencies.

24. Defendants knew or should have known that prior to this date, the perpetration of unlawful acts and the infliction of injury to persons in the custody of the individual defendants was occurring, in that there may have been reports of such unlawful conduct by these specific officers but failed to take appropriate steps to eliminate such unlawful acts.

25. Defendant, among other deficiencies, failed to institute a bona fide procedure in which defendant investigated the unlawful acts of the individual defendants or properly investigated reports of their alleged misconduct.

## AS AND FOR A FIRST
## CAUSE OF ACTION FOR FALSE ARREST

26. Plaintiff reiterates and realleges the facts stated in paragraphs 1-17 as if stated fully herein.

27. As a result of their actions, Defendants, under "Color of law", deprived Plaintiff of his right to freedom from deprivation of his liberty in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. sec. 1983.

28. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiffs' rights would be violated by their actions.

29. As a direct and proximate result of the acts of defendants, plaintiff suffered physical and psychological injuries, and endured great pain and mental suffering.

## AS AND FOR A SECOND
## CAUSE OF ACTION FOR FALSE ARREST

30. Plaintiff reiterates and realleges the facts stated in paragraphs 18-22 as if stated fully herein.

31. As a result of their actions, Defendants, under "Color of law", deprived Plaintiff of his right to freedom from deprivation of his liberty in violation of the Fourth, Fifth and Fourteenth

Amendments to the Constitution of the United States and 42 U.S.C. sec. 1983.

32. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiffs' rights would be violated by their actions.

33. As a direct and proximate result of the acts of defendants, plaintiff suffered physical and psychological injuries, and endured great pain and mental suffering.

THIRD AND FOURTH CAUSES OF ACTION FOR "MONELL VIOLATIONS"

34. Plaintiff reiterates and realleges the facts stated in paragraphs 1-25 as if stated fully herein.

35. Defendants, acting as municipal policymakers, in the hiring, training and supervision of the individual defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain. As such, defendants have violated plaintiff's right to freedom from the use of excessive and unreasonable force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

36. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants committed the unlawful acts referred to above and thus, Defendants are liable for Plaintiff's injuries.

PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that defendants, by their actions, violated Plaintiff's rights under state law, and violated Plaintiff's rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, 42 USC § 1983 and 42 USC § 1985, and,

2. Enter a judgment, jointly and severally, against defendants "John Doe 1 & 2" for compensatory damages in the amount of Five Hundred Thousand ($500,000.00) Dollars; and,

    3.  Enter a judgment, jointly and severally against Defendants "John Doe 1 & 2" for punitive damages in the amount of Five Hundred Thousand ($500,000.00) Dollars; and,

    4.  Enter an Order:

        a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

        b) Granting such other and further relief which to the Court seems just and proper.

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
       March 5, 2019

**RESPECTFULLY,**

/s/

**STEVEN A. HOFFNER, ESQ.**
Attorney for the Plaintiff
325 Broadway, Suite 505
New York, New York 10007
(212) 941-8330
(SH-0585)

## VERIFICATION

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiff in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiff does not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.

Dated: New York, New York
       February 21, 2019

                                                          _____/s/_____
                                                          STEVEN A. HOFFNER, Esq.
                                                          (SH-0585)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

BRIAN LAWRENCE,

                       Plaintiff,         VERIFIED
                                             COMPLAINT
   -against-                           AND DEMAND FOR
                                             <u>A JURY TRIAL</u>

THE CITY OF NEW YORK,
N.Y.C. POLICE OFFICER
MARC HOLDER, SHIELD #31798,
N.Y.C. POLICE OFFICER JUAN
RODRIGUEZ, SHIELD # 29904,
AND N.Y.C. POLICE OFFICERS
"JOHN DOE", EACH SUED
INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITY,

                       Defendants.

---------------------------------------------------X

Steven Hoffner, Esq.
350 Broadway, Suite 1105
New York, New York 10013